177 P.3d 400

**Linda Elaine SCHWARTZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 33326.**

Court of Appeals of Idaho.

Jan. 29, 2008.

Review Denied May 8, 2008.

---

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

PERRY, Judge.

Linda Elaine Schwartz appeals from the district court's order summarily dismissing her application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

Schwartz pled guilty to second degree murder. The district court sentenced Schwartz to a unified term of life imprisonment, with a minimum period of confinement of fifteen years. Schwartz filed a pro se motion for reduction of sentence pursuant to I.C.R. 35, which the district court denied. Schwartz appealed, and this Court affirmed her sentence and the order denying her Rule 35 motion in an unpublished opinion. *See State v. Schwartz*, Docket No. 27831, 138 Idaho 304, 62 P.3d 652, 2002 WL 31988138 (Ct.App. Aug.15, 2002). A remittitur was issued on December 30, 2002.

On September 12, 2003, Schwartz wrote a letter to the district court. Schwartz's letter sought the assistance of counsel to prepare an application for post-conviction relief, which Schwartz indicated she had to file by December 30, 2003. The district court appointed attorney Craig Parrish, the county's conflict public defender, as post-conviction counsel on October 8, 2003. Schwartz wrote a letter to Parrish on October 15, 2003, informing him of what she believed were her potential claims and expressing interest in his advice. Schwartz wrote another letter to Parrish on April 1, 2004, summarizing a November visit between Parrish and Schwartz and asking Parrish if he had filed an application or requested an extension of time. Parrish moved to withdraw from the case some time in April 2004 when he discontinued his contract with the county but, on May 3, 2004, the district court denied Parrish's request and ordered him to contact Schwartz. Almost one year later, on April 4, 2005, Schwartz wrote Parrish a letter inquiring about the status of her case and requesting several items so that she could proceed without his assistance.

On April 14, 2005, Schwartz's counsel filed a motion to extend the filing time for her application. In an affidavit attached to the motion to extend, Parrish averred "I was unaware that Ms. Schwartz did not have a Post Conviction Relief Petition already filed with the Court." He further averred, "I had assumed upon my appointment to this Post Conviction Relief counsel that it was merely the intent of the Court for me to represent Ms. Schwartz in presenting argument concerning that Post Conviction Relief Petition." Parrish therefore indicated that the request for an extension was due to an "oversight" on his part and "through no fault" of Schwartz. On May 3, 2005, the district court issued an order denying Schwartz's motion to extend.[1] A year later, on April 26, 2006, Schwartz mailed to the county prosecutor's office a verified, pro se application for post-conviction relief and a motion requesting counsel. These documents were filed in the district court on May 12, 2006. The state filed a motion to dismiss Schwartz's application. The district court issued an order appointing Schwartz a different attorney and a notice of intent to dismiss Schwartz's application. The district court's notice indicated that Schwartz's application was untimely and that the claims within the application failed to raise a genuine issue of material fact as to whether Schwartz was entitled to relief. With the assistance of her newly-appointed counsel, Schwartz filed a response which asserted that she was entitled to equitable tolling of the statute of limitation. Shortly thereafter, the district court issued an order summarily dismissing Schwartz's application. In the order, the district court adopted the reasoning of the notice of intent to dismiss and ruled that Schwartz was not entitled to equitable tolling. Schwartz appeals.

## II.

### ANALYSIS

Schwartz asserts that we should treat her September 12, 2003, letter to the district court as an initial, timely application for post-conviction relief and treat her application filed May 12, 2006, as a successive application. Schwartz asserts that the letter should be treated as an application because it contained many of the components of an application. Schwartz also asserts that, even if the letter would not ordinarily be treated as an

---

1. The stamped date on the district court's order denying Schwartz's motion to extend was May 3, 2005, but the date written next to the district judge's signature was May 4, 2005.

application, we should nonetheless treat the letter as her initial application because her appointed counsel's ineffective assistance prevented her from timely filing an initial application within the limitation period. According to Schwartz, her application filed on May 12, 2006, was timely filed as a successive application because she mailed it to the county prosecutor's office on April 26, 2006. It was thus mailed within one year of the district court's order on May 3, 2005, denying Schwartz's motion to extend the filing time based on appointed counsel's admitted failure to fulfill his responsibility to file an initial application within the limitation period.[2]

 Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct.App.1992). The statute of limitation for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19–4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely application is a basis for dismissal of the application. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct.App.2003). However, if an initial post-conviction action was timely filed and has been concluded, an inmate may file a subsequent application outside of the one-year lim-

itation period if "the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application." I.C. § 19–4908. *See also Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Ineffective assistance of prior post-conviction counsel may provide sufficient reason for permitting newly asserted allegations or allegations inadequately raised in the initial application to be raised in a subsequent post-conviction application.[3] *See Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App.1999). Additionally, when a second or successive application is presented because the initial application was summarily dismissed due to the alleged ineffectiveness of the initial post-conviction counsel, use of the relation-back doctrine may be appropriate.[4] *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794. This is so because failing to provide a post-conviction applicant with a meaningful opportunity to have his or her claims presented may be violative of due process. *Id. See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct.App.1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct.App.1987) (Burnett, J., concurring).

In *Hernandez*, this Court concluded that one year was a reasonable time for an inmate to proceed with a successive post-conviction relief action if the initial action was dismissed due to ineffective assistance from the attorney representing the inmate in that proceed-

---

**2.** Schwartz's May 12, 2006, application set forth a similar argument that it was timely as a successive application, but her response to the notice of intent to dismiss only asserted that the application was timely under the doctrine of equitable tolling. The state asserts that Schwartz may not present a different timeliness argument on appeal from that set forth in her response to the district court's notice of intent to dismiss. Because we conclude that Schwartz's timeliness argument presented on appeal fails, we need not determine whether Schwartz was required to assert the same timeliness argument in her response to the notice of intent to dismiss as she now asserts on appeal.

**3.** We note, however, that there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings.

*Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct.App.1995). Thus, such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct.App.2006); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct.App.1987).

**4.** A post-conviction applicant may also be entitled to file after expiration of the limitation period if the applicant is entitled to equitable tolling. *See Chico–Rodriguez v. State*, 141 Idaho 579, 581, 114 P.3d 137, 139 (Ct.App.2005); *Sayas*, 139 Idaho at 960, 88 P.3d at 779. Schwartz, however, has not argued on appeal that she was entitled to equitable tolling, and we will not address that exception to the requirement to file within the limitation period. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct.App.1997).

ing. *Hernandez,* 133 Idaho at 799, 992 P.2d at 794. However, in *Charboneau,* the Supreme Court recently held that "analysis of 'sufficient reason' permitting the filing of a successive petition must necessarily include an analysis of whether the claims being made were asserted within a reasonable period of time. In determining what a reasonable time is for filing a successive petition, we will simply consider it on a case-by-case basis, as has been done in capital cases." 144 Idaho at 905, 174 P.3d at 875. Charboneau filed his successive application, at a minimum, thirteen months after he became aware of allegations of undisclosed evidence which were the basis of his newly-asserted claim. The Court held that thirteen months was simply too long to be reasonable. *Id.*

Schwartz's appeal of her sentence and the district court's order denying her Rule 35 motion was remitted to the district court on December 30, 2002, and she therefore had until December 30, 2003, to file an initial application for post-conviction relief. Schwartz contends that the letter she sent to the district court on September 12, 2003, was an application in substance because it set forth claims for post-conviction relief and contained many other components of an application as required by I.C. § 19–4903. Idaho appellate courts have long held that, with respect to post-judgment pleadings filed by convicted defendants, substance governs over form, and a mislabeled pleading will be treated according to its substance. *See Palmer,* 102 Idaho at 593, 635 P.2d at 957; *Martin v. Spalding,* 133 Idaho 469, 472, 988 P.2d 695, 698 (Ct.App.1998); *Freeman v. State, Dept. of Corrs.,* 115 Idaho 78, 79, 764 P.2d 445, 446 (Ct.App.1988). *See also Sayas,* 139 Idaho at 960, 88 P.3d at 779; *Mills v. State,* 126 Idaho 330, 332, 882 P.2d 985, 987 (Ct.App.1994). In *State v. Jakoski,* 139 Idaho 352, 355, 79 P.3d 711, 714 (2003), however, the Supreme Court held that it would be too great a stretch for a motion filed in a criminal case to be considered a pleading commencing civil litigation. Thus, the Court held that Jakoski's motion to withdraw a guilty plea filed pursuant to I.C.R. 33(c) in a criminal case could not be considered as an application for post-conviction relief. *Id.* This was so even when the motion included claims of ineffective assis-

tance of counsel that are typically brought in post-conviction proceedings. *See id.* at 354, 79 P.3d at 713.

Schwartz's letter requested appointment of counsel to prepare an application for post-conviction relief and indicated that Schwartz believed she had until December 30, 2003, to file an application. The letter indicated that Schwartz felt that trial counsel provided ineffective assistance by failing to inform her about the defense of battered woman's syndrome and by falsely assuring her that she would only receive a maximum sentence of fifteen years. The letter also indicated that Schwartz did not understand her guilty plea due to her impaired mental health and trial counsel's misrepresentation of the plea agreement. After explaining these potential claims, Schwartz indicated that there was other compelling evidence to support a request for a new trial and wrote "I would like to go over this matter with counsel first." The district court appointed counsel within a month of receiving the letter but, rather than opening a separate civil case, the district court filed subsequent motions and orders in Schwartz's criminal case file.

 An application for post-conviction relief initiates a proceeding that is civil in nature. *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Schwartz and her appointed counsel did not object when the district court failed to open a separate civil case after receiving the letter that Schwartz now asserts was an application for post-conviction relief. Additionally, Schwartz's counsel averred in an affidavit attached to the motion to extend the filing time that he "was unaware that *Ms. Schwartz did not have a Post Conviction Relief Petition already filed with the Court.*" (Emphasis added). Indeed, Schwartz's appellate counsel conceded at oral argument before this Court that neither Schwartz, her initially appointed post-conviction counsel, nor the district court considered the letter to have been an application for post-conviction relief. Furthermore, Schwartz asserted in the letter that she did not understand her guilty plea, which appears to be a basis to request to have her guilty plea withdrawn pursuant to I.C.R. 33. As noted above, the

Idaho Supreme Court held that a motion to withdraw a guilty plea, filed pursuant to I.C.R. 33(c) in a criminal case, could not be considered as an application for post-conviction relief even where the motion also included claims of ineffective assistance of counsel. *See Jakoski*, 139 Idaho at 355, 79 P.3d at 714. We therefore conclude that the letter's substance did not provide a sufficient basis for this Court to treat the letter as Schwartz's initial application.

Schwartz nonetheless asserts that we should treat the letter as her initial application because she would have filed a timely application but for her reliance on her original appointed counsel. Assuming Schwartz's allegations to be true, the only reason that she did not file an initial application within the limitation period was that her attorney Parrish failed to take any action on her behalf within the limitation period despite Schwartz's understanding that he would do so. Such conduct, if proven true, may constitute deficient performance prejudicing Schwartz's ability to timely file an initial application. Schwartz appears to acknowledge, however, that her circumstances do not fit within any recognized exceptions to the requirement to file within the limitation period. Because Schwartz never filed an initial application within the limitation period, her application filed May 12, 2006, could not be a successive application allowed by I.C. § 19-4908. Furthermore, Schwartz has not asserted that her right to due process was violated because counsel's conduct deprived her of *any* meaningful opportunity to have her claims for post-conviction relief presented. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794; *Abbott*, 129 Idaho at 385, 924 P.2d at 1229. *See also Evensiosky v. State*, 136 Idaho 189, 191, 30 P.3d 967, 969 (2001). Unfortunately, Schwartz appears to be left with no remedy other than perhaps an action for malpractice. We are constrained to hold that Schwartz's allegation of ineffective assistance of post-conviction counsel, even if true, does not entitle Schwartz to have the letter treated as her initial application.

We further conclude that, even if we assumed the letter should be treated as Schwartz's initial application for post-conviction relief, Schwartz has not demonstrated that her application filed on May 12, 2006, was timely as a successive application. As noted above, determining what is a reasonable time is for filing a successive application is to be done on a case-by-case basis. *See Charboneau*, 144 Idaho at 905, 174 P.3d at 875. On May 3, 2005, the district court denied Schwartz's motion to extend the filing time based on attorney Parrish's admitted failure to file an initial application within the limitation period. Schwartz was informed at that time that her letter and subsequent filings had not extended the limitation period and that the district court would not grant her an extension of time to file an initial application. Schwartz, however, waited until April 26, 2006—almost twelve months—to mail an application alleging that ineffective assistance of her appointed post-conviction counsel was the reason that she had not timely filed an initial application.[5] We can perceive of no sufficient reason why it took Schwartz almost twelve months to file this application. The letter Schwartz sent to the district court in September 2003 included her criminal case number, several facts pertinent to her case, and potential claims for post-conviction relief. It is therefore clear that Schwartz possessed adequate information to file an application for post-conviction relief. When Schwartz finally mailed her application, it included coherent argument in support of her claim that post-conviction counsel's ineffective assistance justified a tolling of the limitation period, as well as citation to applicable sections of the Uniform Post-Conviction Procedure Act and case law. Schwartz has thus demonstrated that she had the capacity and resources necessary to assert the claim of ineffective assistance of post-conviction counsel without the assistance of an attorney. Under these circumstances, we conclude that almost twelve months was too long a period

---

5. Idaho courts follow the "mailbox rule" under which pro se inmates' documents are considered to be filed when they are delivered to prison authorities for the purpose of mailing to the court clerk. *Hayes v. State*, 143 Idaho 88, 91, 137 P.3d 475, 478 (Ct.App.2006). We will assume, without deciding, that the mailbox rule would apply to the facts of this case.

to be reasonable.[6]

## III.

## CONCLUSION

The substance of Schwartz's letter dated September 12, 2003, did not require the district court to treat the letter as an application for post-conviction relief. Additionally, Schwartz's allegation of post-conviction counsel's ineffective assistance, even if true, does not entitle Schwartz to have the letter treated as her initial application. We further conclude that, assuming the letter should be treated as Schwartz's initial application, Schwartz has not demonstrated that her application filed on May 12, 2006, was timely as a successive application. Therefore, the district court properly dismissed Schwartz's application on the ground that it was untimely filed. We affirm the district court's order summarily dismissing Schwartz's application for post-conviction relief. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge LANSING concur.

---

6. Because we conclude that the district court properly dismissed Schwartz's application as untimely, we will not address the district court's alternative ruling that the claims in Schwartz's application failed to raise a genuine issue of material fact as to whether she was entitled to post-conviction relief.