IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36256

| | | |
|---|---|---|
| TIMOTHY A. FOX, | ) | 2010 Unpublished Opinion No. 512 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 17, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Order summarily dismissing a successive application for post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Robyn Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Timothy A. Fox appeals the summary dismissal of his successive application for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court previously set out the factual and procedural background in affirming the dismissal of Fox's first application for post-conviction relief:

In 1999, Fox was convicted of sexual abuse of a child under the age of sixteen, Idaho Code § 18-1506(1)(a). This Court affirmed, *State v. Fox*, Docket No. 26159, (Mar. 13, 2002) (unpublished), and issued a remittitur on May 24, 2002.

On July 26, 2003, Fox contacted the district court by letter which stated that "[o]n or about, June 26th of 2003, I Timothy Allen Fox, sent you my Post Conviction Relief" and requested information on his petition. The court informed Fox that it had no record of such a petition being filed. On August 10, 2005, Fox filed a *pro se* petition for post-conviction relief, attaching an affidavit wherein he

1

stated that "[o]n or about June 05, 2003, I timely filed a motion for Post Conviction Relief per THE MAILBOX RULE . . . ." In February 2006, the state filed a motion for summary dismissal, asserting that Fox's petition was untimely and failed to raise any issues of material fact. The district court issued a notice of intent to dismiss Fox's petition on the grounds that it was not timely filed and the mailbox rule was inapplicable.

Fox responded with a memorandum and affidavit in support of post-conviction relief. In relevant part, his affidavit swore:

3. I cannot remember the exact date that I filed my initial Post Conviction Relief (PCR) via the Mailbox Rule.

4. I stated 'on or about' so that I would not be held to an exact date, much as the date of offense used 'on or about' so that I could not challenge the exact date of the offense as being wrong.

5. The copies of my PCR were charged from my account of [sic] the 5th of June, 2003.

6. I then used this date as the 'on or about' date.

7. When an inmate fills out a withdrawal form, it takes a week or more for the money to be withdrawn from the account.

8. This would put the mailing via the Mailbox Rule on or about the 24th to 26th of May.

9. I used the reference date of June 5th because I didn't know, nor was I told, the date of mailing. However the date I turned in my PCR had to be before this date.

*Fox v. State*, Docket No. 33262 (December 12, 2007) (unpublished). Since the time for Fox to file his application for post-conviction relief expired on May 24, 2003, the district court summarily dismissed Fox's application as untimely. Fox appealed, this Court affirmed, and a remittitur was issued March 13, 2008.

In his successive post-conviction application filed August 7, 2008, Fox asserts that in January 2002, he suffered head injuries in prison that made it difficult to recall specific dates. He, therefore, began writing down the dates of important events so he could remember them. Fox states that he received the May 2, 2006, notice of intent to dismiss the initial application and took "extensive efforts to locate his notes documenting when he delivered his original Petition for Post-Conviction Relief." Fox contends that he was unable to find his note to support his affidavit relative to the first summary dismissal. Fox now claims that when "preparing for a move to another institution following the summary dismissal of his post-conviction petition action, Mr. Fox found his notes documenting that he submitted his original post-conviction petition to [the prison paralegal] on May 21, 2003." Fox asserts that he also informed his initial post-conviction attorney that two other prisoners knew of the date he submitted his application

and requested his attorney to contact them. The State filed a motion to summarily dismiss this successive application for post-conviction relief, and the district court dismissed the application. Fox appeals.

## II.

## DISCUSSION

Fox argues his memory problems, the existence of the note, and inadequate assistance of post-conviction counsel provided sufficient reason for the district court to consider his successive post-conviction application. An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738,

3

739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence, because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id.*

If an initial post-conviction action was timely filed and has been concluded, an inmate may file a subsequent application outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application. I.C. § 19-4908. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v.*

4

*State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide "sufficient reason" for permitting newly asserted allegations or allegations inadequately raised in the initial application to be raised in a subsequent post-conviction application. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Failing to provide a post-conviction applicant with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. *See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct. App. 1987) (Burnett, J., concurring).

Fox contends that sufficient reason exists to file a successive application, in part, because counsel failed to adequately raise the existence and testimony of two witnesses who could testify to the date Fox submitted the initial application. Fox has now submitted the affidavits of two witnesses, one of whom asserts that Fox submitted the initial application in May 2003, and the other asserts that Fox submitted the application on May 21, 2003. In addition, Fox presented a letter addressed to his counsel, dated July 29, 2006, asking that counsel send affidavits to the two witnesses. However, this letter was dated two months after the initial application was summarily dismissed. Fox also states in the present application that: "Mr. Fox informed [counsel] that two inmates, [] and [], were aware of the date he filed his Petition for Post-Conviction Relief. Mr. Fox asked [counsel] to communicate with these inmates and to obtain their affidavits." This statement does not identify a date, different from the date of the letter, by which counsel was provided information by Fox regarding these witnesses. To assert or imply that the information was provided prior to the date of the letter, let alone timely relative to the summary dismissal of the initial application, is speculation. Fox presents nothing further to satisfy his burden of showing a genuine issue of material fact as to inadequate or ineffective investigation, development or presentation of the issue by counsel. It should also be noted that Fox never mentioned the existence of these witnesses, a fact of which he claims to have known, in his affidavit dated May 12, 2006, submitted in opposition to summary dismissal. Nor did he make

5

any claim that he or his counsel had been unable to contact potential witnesses during the time of response to the notice of intent to summarily dismiss the initial application.

Fox further contends that his inability to find his note, combined with memory problems, is sufficient reason to allow a successive application. Fox asserts that, upon receiving the notice of intent to dismiss the first application, he began extensive efforts to locate the note. Thus, Fox would have been aware of the existence and importance of the note at least at the time of his response to the notice of intent to summarily dismissal of the initial petition. Yet, Fox made no mention of the note, his efforts to find the note, or its potential evidentiary value in his May 12, 2006 affidavit. In *Stuart v. State*, 118 Idaho 932, 933-34, 801 P.2d 1283, 1284-85 (1990), the Court held that grounds which were known or should have been known at the time of the first petition, are permanently waived if not raised. The *Stuart* Court determined that facts raised in support of a successive application which were "recently" discovered and were unknown at the time of the first application, supported the second application as timely and proper. *Id.* at 934, 801 P.2d at 1285. Neither the existence of, nor the inability to obtain the note or the witnesses, was asserted relative to the first application, even though Fox states he was aware of both.

Fox claims that his inability to find the note, "in combination with his memory problems," constitutes sufficient reason to allow the successive application. In his successive application, Fox does not specify how his memory problems affected his inability to support the timeliness of the first application. He does not claim that his memory problems caused him to be unable to timely remember the existence of the witnesses or the note. He does not claim that his memory problems contributed to his inability to locate the note within his own belongings. While it may be that his memory problems affected his ability to independently recall the date he submitted the initial application, in his May 12, 2006, affidavit he stated only the following:

> 10. I also sustained head trauma which caused memory loss after I was attacked in January, 2002. I was then placed in protective custody, where access to legal materials was limited. This made working on my PCR more difficult, and prevented me from turning it in earlier.

Thus, he contended only that his head injury delayed his access to legal materials affecting his ability to prepare the initial application. Fox has failed to raise a genuine issue of material fact warranting an evidentiary hearing as to whether sufficient reason exists to allow this successive petition.

### III.

### CONCLUSION

Fox has failed in his burden to raise a genuine issue of material fact that sufficient reason exists to allow a successive application for post-conviction relief. The district court's summary dismissal of the successive post-conviction application is affirmed. No costs or attorney fees on appeal.

Chief Judge LANSING and Judge MELANSON, **CONCUR.**