**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38992**

| | | |
|---|---|---|
| **RAYMOND JULIUS MELTON,** | ) | **2012 Unpublished Opinion No. 586** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: August 9, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Judgment dismissing second successive petition for post-conviction relief, affirmed.

Raymond J. Melton, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Raymond Julius Melton appeals from the district court's judgment dismissing Melton's second successive petition for post-conviction relief. For the reason set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Melton pled guilty to lewd conduct with a minor under sixteen in December 2003, and his judgment of conviction was affirmed by this Court on appeal in an unpublished decision. *State v. Melton*, Docket No. 30348 (Ct. App. Aug. 13, 2004). In April 2004, he filed a petition for post-conviction relief, which was dismissed after an evidentiary hearing. Melton appealed the dismissal in February 2005. The Idaho Supreme Court dismissed the appeal and issued a remittitur in March 2006. In April 2006, Melton filed a successive petition for post-conviction relief, claiming his prior post-conviction counsel was ineffective. The petition was summarily

1

dismissed by the district court, and the Idaho Supreme Court affirmed the dismissal in *Melton v. State*, 148 Idaho 339, 223 P.3d 281 (2009) and issued a remittitur in January 2010.

In May 2011, Melton filed a second successive petition for post-conviction relief, alleging two counts of ineffective assistance of counsel in the appeal of the dismissal of his successive petition. The district court issued a notice of intent to dismiss and denied appointment of counsel, finding the petition was frivolous both on the merits and because it was untimely. Receiving no response within twenty days, the district court entered an order dismissing the second successive petition. Melton now appeals.

## II.

## ANALYSIS

When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard applied by the district court. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief petition without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions and admissions, together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

The statute of limitations for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. Idaho Code § 19-4902(a). The failure to file a timely petition is a basis for dismissal of the petition. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). However, even after a post-conviction action has been filed and concluded, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted that for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Although ineffective assistance of prior post-conviction counsel may provide "sufficient reason" for permitting newly-asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition,

2

*Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008), the analysis of a "sufficient reason" permitting the filing of a successive petition must necessarily include an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, the *Charboneau* Court held it is simply considered on a case-by-case basis, as has been done in capital cases, and went on to hold the thirteen months, at a minimum, after the defendant in *Charboneau* became aware of allegedly newly discovered evidence and filed a successive post-conviction petition was simply too long to be reasonable. *Id.*

In its notice of intent to dismiss Melton's second successive petition for being untimely, the district court identified Melton's allegations in the petition: his appellate counsel for the appeal from the dismissal of his *initial* post-conviction petition was ineffective for failing to raise the contention that his initial post-conviction counsel failed to submit a key piece of evidence to support his petition and that the same appellate counsel was ineffective for failing to "federalize his claims." We agree that Melton did not show sufficient reason to file this second successive petition because, even assuming his initial post-conviction appellate counsel was ineffective, Melton has not shown that raising this issue over five years after the conclusion of the initial post-conviction proceedings, during which the alleged ineffective assistance of post-conviction counsel occurred, and approximately sixteen months after the Idaho Supreme Court affirmed the dismissal of his first successive petition, is reasonable under the circumstances. Indeed, where thirteen months was held unreasonable in *Charboneau*, we can see no reason, nor does Melton identify any, to find the delay in this case reasonable. Accordingly, the district court's judgment dismissing Melton's second successive petition for post-conviction relief on the basis it was untimely is affirmed.

Chief Judge GRATTON and Judge LANSING **CONCUR.**