**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 39967**

| | | |
|---|---|---|
| ANGEL LIRA-LOPEZ, a/k/a ANGEL LOPEZ-LIRA, | ) ) ) | 2013 Unpublished Opinion No. 589 |
| Petitioner-Appellant, | ) ) | Filed: July 25, 2013 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent. | ) ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Angel Lira-Lopez, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Angel Lira-Lopez, a/k/a Angel Lopez-Lira, appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Lira-Lopez sold cocaine to confidential informants six times over a period of one year. The state charged Lira-Lopez with one count of delivery of cocaine, two counts of delivery of cocaine where children are present, and three counts of trafficking in cocaine. Lira-Lopez pled guilty to two counts of trafficking in cocaine, I.C. § 37-2732B(a)(2)(A), and the state dismissed the remaining charges. The state also dismissed, in a separate case, two counts of intimidating a witness and agreed to recommend a unified term of fourteen years, with a minimum period of confinement of six years, for the two counts of trafficking. The district court sentenced Lira-

1

Lopez to a unified term of fourteen years, with a minimum period of confinement of six years, on each count and ordered that the sentences run concurrently. Lira-Lopez filed an I.C.R. 35 motion, which the district court denied. Lira-Lopez appealed. In an unpublished opinion, this Court affirmed Lira-Lopez's judgment of conviction and sentences and the denial of his Rule 35 motion. *See State v. Lopez-Lira*, Docket No. 36722 (Ct. App. Oct. 21, 2010). Lira-Lopez filed a pro se petition for post-conviction relief asserting, among other things, he received ineffective assistance of counsel because counsel promised Lira-Lopez he would receive a minimum period of confinement of three years in exchange for his plea and failed to object when the state recommended, and the district court imposed, a minimum period of confinement of six years. Lira-Lopez was appointed counsel for post-conviction proceedings. The state filed a motion for summary dismissal of Lira-Lopez's petition. A pro se supplemental pleading was filed in which Lira-Lopez raised additional ineffective assistance of counsel claims. After a hearing, wherein the district court did not consider Lira-Lopez's supplemental pleading, the district court granted the state's motion and summarily dismissed Lira-Lopez's petition. Lira-Lopez appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

2

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.* at 355, 195 P.3d at 714.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

3

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Lira-Lopez asserts the district court erred by not considering issues raised in his pro se supplemental pleading. At the time Lira-Lopez's supplemental pleading was filed, he was represented by court-appointed counsel. Therefore, it was within the discretion of the district court to require all documents to be filed by Lira-Lopez's legal representative. *See United States v. George*, 85 F.3d 1433, 1439 (9th Cir. 1996) ("The decision to allow a pro se litigant to proceed with some form of hybrid representation [co-counsel or advisory counsel] is reviewed for abuse of discretion."); *see also United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) (finding no error with district court's refusal to acknowledge defendant's pro se filings when defendant was represented); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981) ("A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel."). At the hearing on the state's motion to summarily dismiss Lira-Lopez's petition, appointed counsel explained he was unsure how to proceed because he did not embrace the factual allegations or legal theory involved in the supplemental pleading. The district court stated:

> Well, it makes [it] a lot easier. This is not before the--or I'm not going to consider it. If you have an attorney, it's got to come from the attorney, it's got to be signed by the attorney and filed by the attorney or I'm just--I'm, frankly, going to ignore it. I don't like to do that, but--it would be different if you could say, yes, I'm willing to put my name on it and file it under my name and I'll put a cover sheet on it and file it and call this a supplemental petition because I think it is well-grounded and we do want to raise these issues.
>
> It's different in particular when you say I'm not willing to sign that and file that under--as my pleading as the attorney. I can't countenance that pleading, and I won't. And I think that's significant here, also.

4

Lira-Lopez has not demonstrated the district court abused its discretion by declining to consider his supplemental pleading. Lira-Lopez asserts this Court should consider issues raised in his supplemental pleading. We decline to do so. Because these issues were not properly presented to the district court, we will not address them on appeal.

Lira-Lopez also asserts the district court erred by dismissing the following ineffective assistance of counsel claim:

> [Lira-Lopez] was denied the effective assistance of counsel when his attorney, after first promising him that in exchange for his plea of guilty he would receive a minimum sentence of three (3) years fixed, then failed to insure that the promised agreement was followed. And, further, failed or refused to object when the prosecutor recommended a sentence which failed to comply with the agreement promised to [Lira-Lopez]. Any reasonably competent attorney would have either insured that the court complied with the agreement made or that his client be afforded the ability to withdraw his plea when the agreed upon sentence was not imposed.

At the hearing on the state's motion to dismiss, the district court addressed this claim as follows:

> Let me clarify one thing, and I think this is one of the things that keeps coming up in your case, Mr. [Lira-Lopez]. I suspect, as [post-conviction counsel] does, that you and [counsel] at some point talked and he said I will try to get the judge to give you a 3-year sentence and--because the State is recommending six, I will try to get the judge to run the two sentences together, which would mean a 3-year sentence on one case and a 3-year sentence on the other, and if the judge ran them concurrently, then you would only have to do three years because they would run at the same time.
>
> [Counsel] did request that at the sentencing hearing. He asked the Court to run them together. It was very clear at the sentencing and at the plea that the State was going to ask for a 6-year sentence, and you acknowledged that the State was going to ask for a 6-year sentence.
> . . . .
> I would agree that if your attorney had convinced you and the Court and the State--or that your attorney had an agreement with the State and the State was only going to recommend a 3-year sentence, and then the State turned around and recommended a 6-year sentence and your attorney said nothing, I would agree that that would be ineffective assistance of counsel.
>
> But that's not what happened here. It was very clear at all times that the State was going to recommend a 6-year sentence, and you said that you knew that, and your attorney did argue for less. He tried to get the judge to impose the sentences three years each and have them run concurrent, and I refused to do that because I thought a 6-year sentence was appropriate.
>
> I get the feeling from these pleadings that you think you were deceived, but the record does not--the record does not show that.

. . . .

The expected 3-year sentence, I think I already covered that. That is clearly contradicted by the record. If there was any expectation that . . . Lira-Lopez was going to get a 3-year sentence, he carried that expectation in his head despite clear warnings from the Court and his own acknowledgment that he knew the State was going to be making a 6-year recommendation.

The [claim] counsel failed to argue or object to the sentencing recommendation. Mr. [Lira-Lopez] agreed that the--on the record that the sentencing recommendation was correct. The minutes bear that out, that he understood this was going to be a 6-year recommendation, and so did his attorney. It says, "[Lira-Lopez] stipulated to the State's recommendation, nothing has been left out."

Thereafter, the district court entered an order summarily dismissing Lira-Lopez's petition because it concluded Lira-Lopez's allegation was conclusory and unsubstantiated. Indeed, Lira-Lopez's claim that his counsel was ineffective is conclusory and unsupported by admissible evidence. Thus, Lira-Lopez has not demonstrated the district court erred by summarily dismissing his petition.

Lira-Lopez finally asserts his post-conviction counsel was ineffective. However, there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings. *Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995). Thus, such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide sufficient reason for permitting newly-asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Accordingly, we will not consider Lira-Lopez's claim that his post-conviction counsel was ineffective.

## IV.

## CONCLUSION

Lira-Lopez has not demonstrated the district court abused its discretion by declining to consider his supplemental pleading. While Lira-Lopez asserts this Court should consider issues raised in his supplemental pleading, these issues were not presented to the district court and we

will not address them on appeal. Lira-Lopez's claim that his counsel was ineffective is conclusory and unsupported by admissible evidence. We will not consider Lira-Lopez's claim that his post-conviction counsel was ineffective because this claim was made on appeal from the summary dismissal of his petition. Therefore, the district court's order summarily dismissing Lira-Lopez's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**