**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42433**

| | | |
|---|---|---|
| **BRANDON GRANT GOULD,** | ) | **2015 Unpublished Opinion No. 761** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: December 23, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Brandon G. Gould, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Brandon Grant Gould appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A grand jury indicted Gould on one count of lewd conduct with minor child under sixteen, Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506. A jury found Gould guilty of lewd conduct but could not reach a unanimous verdict on the sexual abuse charge. The district court imposed a unified ten-year sentence with three years determinate and this Court affirmed. Gould timely filed a petition for post-conviction relief. The district court denied the petition and we affirmed the district court. While Gould's original post-conviction petition was pending on appeal, he filed a successive

1

petition for post-conviction relief. The successive petition was filed almost two years after the one-year statute of limitations expired to file a post-conviction petition. Gould was appointed counsel and he filed an amended successive petition.

The amended successive post-conviction petition alleged that the State filed a criminal complaint charging Gould with two counts of lewd conduct and then filed an amended indictment charging him with one count of lewd conduct and one count of sexual abuse of a minor under sixteen. Gould claimed in his successive petition that counsel was ineffective for failing to: (1) challenge the district court's subject matter jurisdiction because there was only an amended indictment and no original indictment; (2) object to the State's amendment of count two of lewd and lascivious conduct to sexual abuse of a child under sixteen, which is not a lesser included offense; (3) object to the prosecution's presentation of an expert's unsworn testimony; (4) call an expert witness to testify about the process of memory in relation to triggering circumstances that accompany a child sex abuse victim's disclosure; and (5) object to the State's expert testimony that was in violation of a motion in limine issued by the district court.

The State moved to summarily dismiss Gould's successive petition, and the district court issued a notice of intent to dismiss to which Gould filed a response. In his response, Gould acknowledged that the Supreme Court's new decision in *Murphy v. State*, 156 Idaho 389, 391, 327 P.3d 365, 367 (2014), foreclosed his first four claims that were brought in the successive petition due to post-conviction counsel's ineffective assistance in the prior post-conviction proceeding. However, Gould requested an evidentiary hearing on his fifth claim, asserting that it was not waived because it related back to a claim raised in his initial petition. The district court dismissed the successive petition, noting that Gould "appears to concede that all but one of the successive petition's claims fail in light of the intervening holding of *Murphy v. State* . . . that ineffective assistance of initial post-conviction counsel does not warrant a successive petition." The district court did not grant an evidentiary hearing on the fifth claim and found that it was time barred because it was an issue known at the time of trial and should have been raised in the first petition. Gould timely appeals.

## II.

## ANALYSIS

Gould claims that the district court erred in dismissing his successive petition for post-conviction relief. The district court dismissed the first four claims in Gould's successive

2

petition, in part because Gould acknowledged that they were barred by *Murphy*.  The district court dismissed Gould's fifth claim, regarding trial counsel's failure to object to expert testimony, on the grounds that it was untimely raised and did not demonstrate a sufficient reason to be brought in a successive petition.

In regard to the first four claims, Gould's concession to the district court that *Murphy* precluded his first four claims waived his right to appeal those same issues.  *State v. Abdullah*, 158 Idaho 386, 420, 348 P.3d 1, 35 (2015) ("The invited error doctrine precludes a criminal defendant from 'consciously' inviting district court action and then successfully claiming those actions are erroneous on appeal.").  In addition, Gould's argument that *Murphy* does not preclude his claims is a new argument on appeal.  Generally, issues not raised below may not be considered for the first time on appeal.  *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).  Thus, Gould's first four arguments are precluded from being raised on appeal.[1]

Gould's fifth claim for relief rests upon trial counsel's failure to object to expert testimony allegedly procured in violation of the district court's order on motion in limine.  As noted, the district court dismissed the claim for lack of sufficient reason and untimeliness.

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which, for sufficient reason, was not asserted or was inadequately raised in the original, supplemental, or amended petition.  I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007).  Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time.  *Charboneau*, 144 Idaho at 905, 174 P.3d at 875.  In determining what a

---

[1]     Moreover, Gould's claims that *Murphy* does not apply are unavailing.  First, he claims his successive petition is properly brought based upon *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911 (2013).  However, *Martinez* and *Ryan* create narrow exceptions for overcoming procedural bars in a federal habeas corpus proceeding and simply do not apply to a state post-conviction case.  Second, Gould asserts that these claims are based upon newly discovered evidence and violations of *Brady v. Maryland*, 373 U.S. 83 (1963).  However, the first three claims are based upon the grand jury transcript that the defense had prior to trial, and the fourth claim is based upon the trial record.  They are, at best, new arguments based upon old evidence.  Third, Gould contends that the district court's appointment of counsel meant that the court felt there was sufficient reason to proceed.  This contention is wholly without merit as the standards for appointment of counsel and determining sufficient reason to proceed with a successive petition are entirely distinct.

reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.* But there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Indeed, ineffective assistance of prior post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. This Court freely reviews the district court's application of the statute of limitations to a post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008) (citing *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992)).

In *Rhoades v. State*, 148 Idaho 247, 253, 220 P.3d 1066, 1072 (2009), the Idaho Supreme Court restated that ineffective assistance of trial counsel should be known after trial. Therefore, Gould's claim of ineffective assistance of trial counsel should have been raised in his initial petition. The district court determined that the claim of ineffective assistance of trial counsel was not raised in the initial petition, and consequently, the claim was untimely under I.C. § 19-4902(a).

Gould contends that he did raise the issue of ineffective assistance of trial counsel in the initial petition under the claim of ineffective assistance of appellate counsel. Gould argues that through "possible confusion" the issue was not presented in the initial proceeding as ineffective assistance of trial counsel, but rather ineffective assistance of appellate counsel, and that he did not knowingly, intelligently, and voluntarily waive the trial counsel claim. He therefore asserts that the claim relates back to the original petition, relying on *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981).[2]

The district court found that the claim presently raised--ineffective assistance of trial counsel--is different from the claim originally made--ineffective assistance of appellate counsel. We agree. Gould's initial petition raised the issue of the expert testimony under the claim of ineffective assistance of appellate counsel, which was distinct from the ineffective assistance of

---

[2]     Gould's reliance on *Palmer* is misplaced as *Palmer* was overruled in *Murphy*.

trial counsel claims.[3] Gould acknowledges that the claim was presented in the initial proceeding as an ineffective assistance of appellate counsel claim. However, he contends that it was presented as such through "possible confusion" on the part of initial post-conviction counsel, but not through ineffectiveness. The district court correctly determined that this argument did not demonstrate sufficient reason. Contrary to Gould's claim that he pled ineffective assistance of trial counsel relating to the expert testimony, he did not, and prior post-conviction counsel presented it as pled, ineffective assistance of appellate counsel. Moreover, Gould's claim that counsel was "confused" in presenting the claim as opposed to "ineffective" in presenting the claim does not demonstrate sufficient reason for a successive petition.

## III.

## CONCLUSION

Gould's first four claims of ineffective assistance of counsel were waived. In addition, his claim that trial counsel failed to object to expert testimony is time barred. Accordingly, we affirm the district court's order summarily dismissing Gould's successive petition for post-conviction relief.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

---

[3] Under "Ground Three: Appellate Counsel Ineffectiveness" Gould alleged: "The district court abused its discretion in allowing Mydell Yeager to [testify to] matters outside 'just delayed disclosure' which was contrary to the district court's ruling on July 11, 2008, Motion In Limine and 404(b) Hearing." He also mentioned the issue under a claim of prosecutorial misconduct, but not as an ineffective assistance of trial counsel claim.