992 P.2d 789

**Ezequiel HERNANDEZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 24843.

Court of Appeals of Idaho.

Nov. 4, 1999.

Maureen E. Cassidy, Caldwell, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Ezequiel Hernandez appeals from the order of district court summarily dismissing his successive application for post-conviction relief. For the reasons set forth below, we reverse and remand.

## I.

## BACKGROUND

In May 1990, Hernandez pled guilty to conspiracy to deliver cocaine and to being a persistent violator. He was sentenced to a unified term of twenty-five years, with fifteen years fixed. In June 1994, Hernandez, through counsel, filed an application for post-conviction relief under the Uniform Post–Conviction Procedure Act alleging ineffective assistance of trial counsel.[1] On October 24, 1994, the district court issued a notice of intent to summarily dismiss Hernandez's application on the basis that it consisted of only conclusory allegations and did not state suffi-

---

1. Before its amendment in 1993, I.C. § 19–4902 provided for a limitation period of five years for the filing of an application for post-conviction relief. Idaho Code Section 19–4902 was amended effective July 1, 1993, and the limitation peri-od was changed to one year. Thus, Hernandez's application was timely because it was filed within one year of the effective date of the statute as amended. *See Esquivel v. State*, 128 Idaho 390, 392, 913 P.2d 1160, 1162 (1996).

cient facts upon which relief could be granted. The district court allowed Hernandez twenty days to respond to its proposed dismissal. Counsel for Hernandez failed to do so. Therefore, the application was dismissed on November 21, 1994. However, the order dismissing Hernandez's post-conviction application was not served on his attorney and, as a result, Hernandez did not learn of the dismissal until March 1996.

After discovering that his application had been dismissed, Hernandez, proceeding pro se, appealed to the Idaho Supreme Court. The Supreme Court conditionally dismissed the appeal. Hernandez responded to the Supreme Court's conditional dismissal by providing his affidavit, along with that of his post-conviction attorney. The attorney averred that he had not been provided notice of, or been served with, the order dismissing Hernandez's application and, therefore, Hernandez's appeal should be permitted. On June 4, 1996, the Supreme Court reinstated Hernandez's appeal. In an unpublished opinion, the Supreme Court affirmed the summary dismissal of Hernandez's application. *Hernandez v. State,* Docket No. 22818, 131 Idaho 133, 953 P.2d 217 (Mar. 13, 1997).

On March 4, 1998, Hernandez, proceeding pro se, filed a motion for leave to file a successive post-conviction application together with the successive application. In his motion, Hernandez contended that his original post-conviction counsel submitted an application that "contained no factual statements, factual documents, references to the record, or any other demonstration of material facts upon which relief could [have] been granted." Additionally, Hernandez contended that his original post-conviction counsel failed to respond to the district court's conditional dismissal of his initial application. Thus, Hernandez asserted that his original post-conviction counsel was ineffective and, therefore, he should be granted leave to file a successive post-conviction application.

On March 16, 1998, the district court issued a notice stating that it intended to deny Hernandez's motion for leave to file a successive post-conviction application and, thus, the court intended to summarily dismiss the action. The sole ground cited by the district court for dismissal was that the successive application was time-barred. Hernandez was given twenty days to respond to the district court's notice.

On April 3, 1998, Hernandez's present post-conviction counsel entered a limited appearance and requested an extension of time in which to file a response to the district court's notice. On April 8, the district court granted the request and set April 20 as the due date for Hernandez's response. Two days later, on April 10, Hernandez filed a pro se motion for an extension of time in which to respond to the district court's proposed dismissal. In the affidavit in support of his pro se motion, Hernandez averred that he had been incarcerated outside of the state of Idaho and that, upon returning to Idaho, he was unable to respond to the district court's notice of proposed dismissal due to a lack of legal resources at the prison.

On April 20, 1998, through counsel, Hernandez responded to the district court's notice of its intent to deny the motion for leave to file a successive post-conviction application and dismiss the application. Hernandez contended that because the successive application was filed within one year of the Supreme Court's decision on appeal from the summary dismissal of the initial post-conviction application, his successive application was not time barred.

On June 8, 1998, the district court summarily dismissed Hernandez's successive application. Hernandez appeals.

## II.

### ANALYSIS

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to Idaho Code Section 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance

of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

■ Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App.1986).

■ On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993). In his motion for leave to file a successive post-conviction application, Hernandez argued that leave should be granted pursuant to I.C. § 19–4908, asserting that counsel in the initial post-conviction proceeding was ineffective. The district court issued a notice of intent to summarily dismiss, not because Hernandez's second application was "successive," but solely because it was time barred.

■ Hernandez, in his response to the district court's notice of proposed dismissal, contended that because his successive application was filed within one year of the Supreme Court's determination of the appeal from the summary dismissal of his initial post-conviction application, his successive application was timely under I.C. § 19–4902. Idaho Code Section 19–4902 allows commencement of a post-conviction action within one year from "the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." In *Freeman v. State,* 122 Idaho 627, 836 P.2d 1088 (Ct.App.1992), this Court addressed an assertion similar to Hernandez's. Freeman contended that the phrase, "within five years . . . from the determination of a proceeding following an appeal," under a previous version of I.C. § 19–4902, meant that the five-year limitation for bringing an application for post-conviction relief begins anew after determination of each successive post-conviction application. As this Court explained, a "proceeding following an appeal" may include a remand of the criminal case to the trial court as a consequence of the direct appeal from a judgment of conviction, for example, but does not encompass a separately filed proceeding under the UPCPA. *Freeman,* 122 Idaho at 629, 836 P.2d at 1090. Thus, the time limit to file an application under the UPCPA is not renewed by the filing of an application for post-conviction relief. *See id.* In this case, the district court properly con-

cluded that this portion of Hernandez's argument was without merit.

However, we must determine whether Hernandez's second application was nonetheless timely on a different basis—that it relates back to the date of filing of the first application. Hernandez sought leave from the district court to file his successive application for post-conviction relief under I.C. § 19–4908 which permits a subsequent application if "the court finds a ground for relief asserted which for sufficient reason ... was inadequately raised in the original ... application." In *Palmer v. Dermitt,* 102 Idaho 591, 635 P.2d 955 (1981), the Idaho Supreme Court addressed the scope of I.C. § 19–4908. The *Palmer* Court, referring to I.C. § 19–4908, held that successive post-conviction applications are prohibited only "in those cases where the petitioner 'knowingly, voluntarily and intelligently' waived the grounds for which he now seeks relief, or offers no 'sufficient reason' for the omission of those grounds in his 'original, supplemental or amended petition.'" *Id.* at 593, 635 P.2d at 957. Thus, with regard to a successive application for post-conviction relief, the trial court must find the "failure to include newly asserted grounds for relief in the prior post[-]conviction relief proceeding was without sufficient reason before the application may be summarily dismissed on the ground of waiver." *Id.* An allegation of ineffective assistance of prior post-conviction counsel, if true, provides sufficient reason for permitting newly asserted allegations to be raised in a subsequent post-conviction application. *Id.* at 596, 635 P.2d at 960.[2] The reasoning of the *Palmer* Court applies equally to an assertion that, because post-conviction counsel was ineffective, an issue was inadequately raised in the initial post-conviction relief application.

In the instant case, Hernandez, in his motion for leave to file a successive post-convic-

tion relief application, alleged that his initial post-conviction counsel was ineffective both for filing an application containing solely bare, conclusory allegations, and for not responding to the court's notice of intent to dismiss. As grounds for relief, the initial application submitted by Hernandez's post-conviction counsel alleged only:

4. Petitioner was inadequately represented with respect to pretrial preparation and pleadings, hearing and trial proceedings, and was coerced into entering his guilty plea. Petitioner's trial counsel admitted to having inadequate time to prepare for proceedings in his case, and the trial Court improperly denied requests for additional trial preparation time. There was no factual basis for the charges and the same were tried in an improper forum.

Based on this pleading, the district court in the first post-conviction relief action issued a notice of conditional dismissal. Hernandez's initial post-conviction counsel failed to respond to that notice, and the district court summarily dismissed the initial application.[3] Eventually the Supreme Court affirmed the district court's order both because Hernandez had failed to respond to the district court's notice of intent to dismiss and because the application contained only conclusory allegations.

The merits, if any, of Hernandez's claims in the first post-relief action were never addressed by any court of this state. Hernandez, in this, his second post-conviction relief action, asserts that the sole reason his claims for post-conviction relief have remained unadjudicated is because of the ineffectiveness of his initial post-conviction counsel. In support of his second application, Hernandez has alleged specific facts which he contends were known to his counsel in the first post-conviction case and which, had they been presented by his counsel, would have prevented the summary dismissal of that first

---

2. There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings. *Follinus v. State,* 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct.App.1995). Thus, such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Wolfe v. State,* 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct.App.1987).

3. Idaho appellate courts have held that when an applicant fails to respond to a district court's notice of intent to summarily dismiss an application for post-conviction relief the applicant is procedurally barred from challenging the summary dismissal of the application. *See Sabin v. State,* 129 Idaho 257, 258, 923 P.2d 502, 503 (Ct.App.1996).

action. For the purposes of this appeal, the state has not disputed that Hernandez has alleged facts which, if proven, would constitute sufficient reason under I.C. § 19–4908 for the allowance of a successive application. The question presented, however, is whether this second application is time-barred.

The legislature has seen fit to not include a limitation period contained in I.C. § 19–4908 and, as we have previously held, the limitation period of I.C. § 19–4902 is not renewed after the determination of an appeal in a post-conviction relief action. However, when a second or successive application is summarily dismissed because of the alleged ineffectiveness of the initial post-conviction counsel, application of the relation-back doctrine may be appropriate. *Mellinger v. State*, 113 Idaho 31, 740 P.2d 73 (Ct.App.1987) (Burnett, J., concurring). This is so because failing to provide a post-conviction applicant with a meaningful opportunity to have his or her claims presented may be violative of due process. *See Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct.App.1996). In *Mellinger*, then Judge Burnett, in his concurrence, discussed whether a relation-back doctrine has a place in the interpretation of I.C. § 19–4908. Judge Burnett stated:

> [I]f a prisoner filed a timely application but it was dismissed due to ineffective assistance of counsel ... the prisoner would be entitled to file a subsequent application asserting his grounds for relief more fully even though the ... period of limitation ... had elapsed in the meantime. To hold otherwise would leave the prisoner with no alternative than to sue the attorney for malpractice—a distasteful and onerous undertaking—or to seek a writ of habeas corpus from a federal court, producing the

very kind of outside interference in state judicial processes that the Post–Conviction Procedure Act was intended to avoid.

*Mellinger*, 113 Idaho at 35, 740 P.2d at 77 (Burnett, J., concurring) (footnote omitted).[4]

In the instant case, we find the reasoning of Judge Burnett's concurrence persuasive. We also find the one-year limitation period contained in I.C. § 19–4902 instructive as to what constitutes a reasonable time within which to file a successive post-conviction relief action. When the UPCPA was initially adopted in Idaho, it contained no time limit on when actions could be initiated. *See* 1967 Idaho Sess. Laws Ch. 25 at 43. In 1979, the legislature saw fit to impose a five-year limitation period (1979 Idaho Sess. Laws Ch. 133 at 428), and in 1993, the legislature reduced the limitation period to one year (1993 Idaho Sess. Laws Ch. 265 at 898).[5] Typically, as in this case, an inmate wishing to initiate a successive post-conviction relief action must do so without the assistance of counsel. Based on the foregoing, we conclude that one year is a reasonable time for an inmate in these circumstances to proceed with a successive post-conviction relief action if the initial action was dismissed due to ineffective assistance from the attorney representing the inmate in that proceeding.

Here, Hernandez filed his pro se motion for leave to file a successive post-conviction application along with the successive application less than one year after the Supreme Court's determination of the appeal in the initial post-conviction proceeding. Therefore, this Court holds that summary dismissal of Hernandez's successive post-conviction application solely on the ground that it was time barred was error.[6]

---

4. Judge Burnett determined, however, that *Mellinger* was not an appropriate case for application of such a doctrine because more than one and one-half years had elapsed before the filing of the successive application and, thus, the successive application was not filed within a reasonable time. More importantly, however, in his successive application, Mellinger failed to allege that his prior post-conviction counsel was ineffective.

5. We note that the original version of I.C. § 19–4908, like the original version of I.C. § 19–4902, contained no limitation period. *See* 1967 Idaho

Sess. Laws Ch. 25 at 45. However, unlike I.C. § 19–4902, the legislature has not chosen to impose such a limitation period on a successive application. *See* I.C. § 19–4908.

6. We find it unnecessary to address Hernandez's claim on appeal before this Court that the limitation period was tolled because he was housed in an out-of-state facility. Such an allegation would necessarily be one factor to consider in determining whether a successive application is filed within a reasonable time period under I.C. § 19–4908.

Hernandez's claim that his initial post-conviction counsel was ineffective requires further inquiry by the district court. As the Idaho Supreme Court has stated, such an allegation, *if true,* provides a sufficient reason for permitting newly asserted allegations to be raised in a successive application. *Palmer,* 102 Idaho at 596, 635 P.2d at 960. The district court in this case dismissed Hernandez's successive application because it found that the application was time-barred and, thus, it conducted no inquiry into whether Hernandez's claim regarding initial post-conviction counsel was true. On remand, such inquiry by the district court would be appropriate.

### III.

### CONCLUSION

We hold that the district court erred in dismissing Hernandez's motion for leave to file a successive post-conviction application. Although Hernandez waited almost one year from the Supreme Court's decision on appeal in the initial post-conviction matter, under the facts of this case, such a period was a reasonable time. Therefore, the order of the district court summarily dismissing Hernandez's successive application for post-conviction relief is reversed, and this case is remanded for further proceedings consistent with this opinion.

Judge LANSING, and Judge SCHWARTZMAN, concur.