IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36559

| DEAN HARRELL, | ) | 2010 Unpublished Opinion No. 638 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order of the district court summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Dean Allen Harrell appeals from the district court's order summarily dismissing his successive petition for post-conviction relief as untimely. He asserts that his successive petition was filed within a reasonable period of time under the circumstances, and was therefore timely. For the reasons set forth below, we affirm the district court's summary dismissal.

## I.

## BACKGROUND

In the underlying criminal case, Harrell was convicted of rape pursuant to Idaho Code § 18-6101(4). The district court imposed a unified life sentence with twenty-five years determinate. Harrell appealed and this Court affirmed his sentence and conviction. *See State v. Harrell*, Docket No. 25985 (Ct. App. July 25, 2001) (unpublished). In September 2001, Harrell filed a pro se petition for post-conviction relief claiming ineffective assistance of both trial and

appellate counsel. After an evidentiary hearing, the district court dismissed the petition on its merits, and this Court affirmed the dismissal. *See Harrell v. State*, Docket No. 28371 (Ct. App. May 14, 2004) (unpublished).

In November 2005, Harrell filed a second pro se petition for post-conviction relief again claiming ineffective assistance of his trial and appellate counsel. He also filed a motion to disqualify the judge who had been assigned to the case. The district court appointed counsel to represent Harrell,[1] and before ruling on the motion to disqualify, dismissed his successive petition on the grounds that it was not timely filed and that Harrell did not show sufficient reason why the issues raised could not have been raised in the initial petition. This Court vacated the dismissal order and remanded the case to the district court to rule on the motion to disqualify. *See Harrell v. State*, Docket No. 33273 (Ct. App. Apr. 10, 2008) (unpublished). However, in the interim, the death of the judge assigned to Harrell's case rendered the motion to disqualify moot. On remand, the district court again entered a notice of intent to dismiss Harrell's successive petition on the ground that it was untimely. After receiving replies to its notice from both Harrell and the state, the district court entered a renewed notice of intent to dismiss requesting that Harrell respond regarding the issue of whether his petition was filed within a reasonable time. Harrell argued that in light of his reading difficulties, fourteen months after the issuance of the remittitur in his previous appeal was a reasonable time in which to file a successive petition. The district court found that Harrell did not provide an adequate reason justifying the delay, and dismissed his petition as untimely. Harrell now appeals.

## II.

## DISCUSSION

The sole issue presented by Harrell is that the district court erred in summarily dismissing his successive petition for post-conviction relief as untimely because in the absence of a specific statutory limitation, he was only required to file his petition within a reasonable period of time.[2]

---

[1] After Harrell's first appointed attorney withdrew, the district court appointed a second attorney to represent him in his successive petition. However, during this time, Harrell continued to file pro se motions.

[2] In addition to arguing that Harrell's assertion that his limited reading ability prevented the timely filing of his successive petition fails to show any basis for tolling the statute of limitation period, the state also argues that Harrell has failed to show that he is entitled to tolling

All grounds for relief available to an applicant under the Uniform Post-Conviction Procedure Act must be raised in an applicant's original, supplemental, or amended application. I.C. § 19-4908. The language of Section 19-4908 prohibits successive applications in those cases where the applicant "knowingly, voluntarily and intelligently" waived the grounds for relief sought in the successive application or offers no "sufficient reason" for omitting those grounds in the original application. *See Palmer v. Dermitt,* 102 Idaho 591, 593, 635 P.2d 955, 957 (1981); *Baker v. State*, 142 Idaho 411, 420, 128 P.3d 948, 957 (Ct. App. 2005). However, Section 19-4908 allows an applicant to raise a ground for relief, which was addressed in a former application, if he or she can demonstrate sufficient reason why that ground was inadequately raised or presented in the initial post-conviction action. *See Baker*, 142 Idaho at 420, 128 P.3d at 957; *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). A showing that a claim was not adequately presented in the first post-conviction action due to the ineffective assistance of prior post-conviction counsel provides sufficient reason for permitting issues that were inadequately presented to be presented in a subsequent application for post-conviction relief. *Id*. A petitioner has the burden of providing the district court with factual reasons upon which the court could conclude there was a "sufficient reason" why the grounds for relief asserted in his second petition were "not asserted or [were] inadequately raised in the original, supplemental, or amended application." I.C. § 19-4908; *see also Hooper v. State*, 127 Idaho 945, 948, 908 P.2d 1252, 1255 (Ct. App. 1995).

Idaho Code § 19-4908 does not mention whether successive petitions must be filed within the one-year time limitation. However, the trial court's "analysis of 'sufficient reason' permitting the filing of a successive petition must necessarily include an analysis of whether the claims being made were asserted within a reasonable period of time. In determining what a reasonable time is for filing a successive petition, we will simply consider it on a case-by-case

because all of his claims of ineffective assistance of trial counsel were known at the time of his conviction, and all of his claims of ineffective assistance of appellate counsel were known at the time of the evidentiary hearing on his first petition for post-conviction relief. However, we only address Harrell's argument that he filed his successive petition within a reasonable period of time because it is his sole issue on appeal.

3

basis." *Charboneau v. State*, 144 Idaho 900, 905, 174 P.3d 870, 875 (2007). *See also Schwartz v. State*, 145 Idaho 186, 190, 177 P.3d 400, 404 (Ct. App. 2008).

Harrell contends that he filed his successive petition in a timely manner. He relies on a decision by this Court in which we held that the one-year limitation period contained in I.C. § 19-4902 is instructive as to what constitutes a reasonable time to file a successive petition for post-conviction relief. *See Hernandez v. State*, 133 Idaho 794, 799, 992 P.2d 789, 794 (Ct. App. 1999) (holding that the petitioner timely filed his successive petition because he filed it within one year of the appellate court affirming the denial of his original post-conviction petition). Harrell filed his successive petition for post-conviction relief on November 7, 2005, over fourteen months after the remittitur in the appeal of his first post-conviction petition.

Harrell argues that the district court erred because fourteen months is only two months more than what this Court has already deemed reasonable in *Hernandez*, and filing his successive petition for post-conviction relief within that period of time was reasonable in light of his limited reading ability. In support of his argument, Harrell submitted a 1998 competency evaluation with his successive petition which reported that Harrell read at a second grade level. However, the district court rejected Harrell's argument, noting that it was impressed with the substantive knowledge that Harrell displayed in his numerous pro se pleadings, and that the pleadings he prepared were extensive and detailed. Given that, the district court found that Harrell's reading ability, at least since 2005, is at a level far in excess of the second grade.[3] The district court further stated that Harrell was aware of the requirements regarding timely filing of claims and that he demonstrated through his pleadings that he had the capacity and resources necessary to file his successive petition in a timely manner. The district court determined that under these circumstances, fourteen months was too long to be reasonable.

---

[3]     On this point, the district court explained:

> The Court will not conjecture at how this has come to be (for example as a result of educational programming offered by the Department of Corrections or by virtue of practice reading and writing over the years). The conclusion is that Mr. Harrell has functioned at a sufficient level to get his arguments to the Court over the years, has had the assistance and advice of counsel in the presentation of the arguments, and has not been unduly or unfairly delayed in the presentation of his issues to the court by his reading level.

4

Harrell argues that the district court's finding that his reading ability improved substantially was not supported by the record and that the district court made that conclusion based on the written materials it received from him without considering the possibility that another inmate may be assisting him with his legal matters. However, even if Harrell was receiving help from inmates in submitting timely and detailed pleadings to the district court, Harrell has not explained why assistance from other inmates would not have enabled him to file his successive petition earlier. Harrell has failed to demonstrate that his reading ability affected the filing of his successive petition. Moreover, just because one year has been deemed instructive on what is a reasonable period of time to file a successive petition, it does not automatically follow that fourteen months is reasonable as well, particularly when the standard for determining what a reasonable time requires a case-by-case analysis. Because Harrell has failed to provide an adequate reason for justifying the delay in the filing of his successive petition for post-conviction relief, we agree with the district court's conclusion that in light of the circumstances, fourteen months was too long a time period to be reasonable. Accordingly, the district court did not err in summarily dismissing Harrell's successive petition for post-conviction relief as untimely.

### III.
### CONCLUSION

The district court did not err in summarily dismissing Harrell's successive petition for post-conviction relief as untimely. Harrell has failed to show that filing his successive petition fourteen months after his appeal was final was reasonable under the circumstances. Accordingly, we affirm.

Chief Judge LANSING and Judge GRATTON, CONCUR.

5