IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36292

| | | |
|---|---|---|
| **RICHARD J. HIBBERT,** | ) | **2011 Unpublished Opinion No. 359** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: February 11, 2011** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. R. Barry Wood, District Judge.

Order summarily dismissing successive application for post-conviction relief, <u>affirmed</u>.

Richard J. Hibbert, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Richard J. Hibbert appeals the district court's dismissal of his successive application for post-conviction relief. We affirm.

## I.

## PROCEDURAL AND FACTUAL BACKGROUND

In June of 1994, Hibbert pled guilty to one count of lewd and lascivious conduct with a minor under the age of sixteen. Idaho Code § 18-1508. He repeatedly, forcibly raped his fourteen-year-old daughter. The sentencing court found him to be a high risk to re-offend or to possibly kill his daughter. Hibbert was sentenced to a determinate life sentence. This Court affirmed the sentence. *State v. Hibbert*, 127 Idaho 277, 899 P.2d 987 (Ct. App. 1995). On March 24, 1998, Hibbert's initial application for post-conviction relief was denied. He did not appeal. Hibbert states that he filed a second application for post-conviction relief in March 2000,

1

but did not receive a response. The document which Hibbert contends was filed in March 2000 does not bear a court file stamp.

On February 27, 2008, Hibbert filed this successive application for post-conviction relief with a number of allegations. The State filed a motion to dismiss the successive application as untimely. Hibbert, through his appointed counsel, argued that his successive application was timely because he was claiming: (1) ineffective assistance of earlier post-conviction counsel; and (2) that his Fifth Amendment right as it pertains to psychosexual evaluations was violated, as articulated in *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006), which he alleged was a new rule. The district court found the successive application to be untimely and granted the State's motion to dismiss. Hibbert appeals.

## II.

## DISCUSSION

On appeal, Hibbert, pro se, asks this Court to review his claims that his due process and constitutional rights were violated because of prosecutorial misconduct during his initial criminal conviction, and ineffective assistance of his trial counsel in 1994 for not obtaining a fifteen-year sentence for him. Hibbert requests this Court to appoint new counsel and remand for a new trial with a change of venue. These claims for relief were not directly addressed below because the district court determined that the successive application was untimely. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). While Hibbert does not affirmatively claim the district court erred in dismissing his successive application as untimely, this Court will evaluate the claims made in the district court in support of the propriety and timeliness of his successive application, namely: (1) ineffective assistance of earlier post-conviction counsel in failing to raise and support the substantive issues of prosecutorial misconduct and ineffective assistance of trial counsel; and (2) Fifth Amendment right as it pertains to psychosexual evaluations, under *Estrada*.

If an initial post-conviction action was timely filed and has been concluded, an inmate may file a subsequent application outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the

2

effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide "sufficient reason" for permitting newly asserted allegations or allegations inadequately raised in the initial application to be raised in a subsequent post-conviction application. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Failing to provide a post-conviction applicant with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. *See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct. App. 1987) (Burnett, J., concurring). Thus, when a second or successive application alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

Analysis of "sufficient reason" permitting the filing of a successive application includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive application, we will simply consider it on a case-by-case basis. *Id.* Therefore, the question is whether the applicant in the present case filed the successive application alleging ineffective assistance of prior post-conviction counsel within a reasonable period of time.

Hibbert's first claimed basis for this successive application is ineffective assistance of prior post-conviction counsel. His initial application for post-conviction relief was denied on March 24, 1998. There is no indication that counsel assisted him with his application in March 2000. Even assuming his post-conviction counsel was ineffective in failing to raise substantive issues now advanced, Hibbert failed to demonstrate that he had sufficient reason for delaying this successive application for post-conviction relief for almost ten years.

The second claim, and the primary focus of Hibbert's challenge to the State's motion to dismiss, was that *Estrada*, 143 Idaho 558, 149 P.3d 833, announced a new rule. Hibbert therefore contends he was justified in not raising the claim in his initial application and had

sufficient reason to raise the claim in a successive application. The district court ruled that *Estrada* did not establish a new rule and that Hibbert should have raised his claim in his initial application. This Court ruled similarly in *Kriebel v. State*, 148 Idaho 188, 191, 219 P.3d 1204, 1207 (Ct. App. 2009). Further, the district court found that the thirteen-month delay between the issuance of *Estrada* and Hibbert's successive application was unreasonable and, therefore, untimely. Hibbert does not challenge either of the district court's determinations on appeal. Therefore, this Court will not disturb the district court's rulings.

## III.
## CONCLUSION

Hibbert has failed to demonstrate that the district court erred in determining that his successive application was untimely. The district court's summary dismissal of Hibbert's successive application for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**

4