**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40194**

| | | |
|---|---|---|
| JOHN THOMAS RAINEY, | ) | 2013 Unpublished Opinion No. 399 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 13, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed; order denying motion for appointment of counsel, affirmed.

John Thomas Rainey, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

John Thomas Rainey, appearing pro se, appeals from the district court's order summarily dismissing his successive petition for post-conviction relief and its denial of his motion for appointment of counsel. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Rainey pled guilty to sexual battery of a minor child sixteen or seventeen years of age, and the district court imposed a unified sentence of life with twenty-five years determinate, pursuant to Idaho Code § 18-1508A(4). The conviction and sentence were affirmed on appeal. Rainey timely filed a pro se post-conviction petition alleging ineffective assistance of counsel. The district court denied his motion for appointment of counsel and dismissed the petition. Rainey appealed but later filed a motion to dismiss the appeal, which the Idaho Supreme Court granted.

1

On April 26, 2012, Rainey filed a successive pro se petition for post-conviction relief. Rainey reasserted the ineffective assistance of counsel claim, and alleged his sentence constituted cruel and unusual punishment by being imposed without regard for the presentence investigator's recommendations, and that the district court violated his Sixth Amendment right when it denied his request for appointment of counsel in his first post-conviction petition. The district court denied Rainey's request for appointment of counsel in his successive petition. The court then entered an order conditionally dismissing the successive petition and gave Rainey twenty days to file a response. Rainey filed a motion for reconsideration of the denial of counsel, which the district court denied and entered an order dismissing the successive petition on June 26, 2012. Rainey timely appealed.

## II.

## DISCUSSION

On appeal, Rainey assigns no specific error to the district court's order denying his request for appointment of counsel or summary dismissal of his successive post-conviction petition, but rather reasserts the arguments he made in the district court on his successive petition for post-conviction relief. Rainey alleges that his sentence amounts to cruel and unusual punishment, that the district court did not follow the recommendations of the presentence investigator in his criminal case, and that the district court ignored his defense of "somnambulism." Further, Rainey asserts that he was denied his constitutional right to counsel in his first post-conviction petition, and then asserts various grounds for ineffective assistance of counsel in his criminal case.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

If an initial post-conviction action was timely filed and has been concluded, an inmate may file a subsequent application outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application. I.C. § 19-4908. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide "sufficient reason" for permitting newly asserted allegations or allegations inadequately raised in the initial application to be raised in a subsequent post-conviction application. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Failing to provide a post-conviction applicant with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. *See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct. App. 1987) (Burnett, J., concurring). Thus, when a second or successive application alleging ineffectiveness of the initial

post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

The district court denied Rainey's request for counsel and dismissed his successive petition; first, because Rainey's claim that his sentence was unduly harsh afforded no basis for post-conviction relief because the sentence was legal. The court also reasoned that the record did not support the allegations Rainey made in his petition and that since the court's original decision had been upheld on appeal, Rainey's attempt to collaterally attack it was barred by res judicata.

Second, the district court denied appointment of counsel and dismissed the petition because Rainey did not raise any new contentions in his successive petition, and to the extent that he did, he gave no reason why they were not raised in his original petition. The district court then set forth its reasoning for dismissing the identical arguments from Rainey's original petition. Third and finally, the district court denied appointment of counsel and dismissed Rainey's petition because it amounted to an appeal from the court's decision and denial of appointment of counsel in Rainey's initial petition, and was barred by res judicata.

As the district court correctly noted, Rainey did not allege any facts to raise the possibility of a valid claim in support of his assertion that his sentence was unduly harsh. Rainey incorrectly asserted that the statute under which he was sentenced allowed only a fifteen-year sentence. Idaho Code § 18-1508A(4) allows any person convicted under I.C. § 18-1508A(1)(a) to be sentenced to life imprisonment. Therefore, his sentence was legal and the district court was correct in stating that his claim of an unduly harsh sentence affords no basis for post-conviction relief.

Rainey claims that the denial of his request for appointment of counsel in his initial petition for post-conviction relief was a constitutional violation. As noted by the district court, this claim could and should have been addressed on direct appeal from that denial; it was not. Thus, this claim is barred.

The remainder of Rainey's claims amount to repetitions of the claims from his previous petition for post-conviction relief. They do not set out any grounds for substantive relief from his sentence. To the extent that any of his claims can be construed as new, he has not explained why those claims were not made in his previous petition and, therefore, they are also procedurally barred.

4

## III.

## CONCLUSION

Rainey has failed to allege or show that the district court erred by denying his request for counsel or by summarily dismissing his successive application for post-conviction relief. The district court's denial of appointment of counsel and order summarily dismissing Rainey's successive petition for post-conviction relief are affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**