**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41249**

| | | |
|---|---|---|
| WILLIAM ALLEN OSER, | ) | 2014 Unpublished Opinion No. 450 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 15, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

William Allen Oser appeals from the district court's summary dismissal of his second successive petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Oser was found guilty of trafficking in methamphetamine, I.C. § 37-2732B(a), and delivery of a controlled substance, I.C. § 37-2732(a). He was sentenced to concurrent unified terms of twenty years, with minimum periods of confinement of six years. Oser appealed his judgment of conviction, which was affirmed by this Court in an unpublished opinion. *See State v. Oser*, Docket No. 35228 (Ct. App. Feb. 18, 2009). On July 20, 2009, Oser filed a pro se petition for post-conviction relief. Oser was appointed counsel, who filed an amended petition. The state filed a motion for summary dismissal, which the district court granted after a hearing

1

on June 23, 2010. Oser appealed the dismissal and later voluntarily withdrew that appeal in April 2011.

On May 16, 2011, Oser filed a pro se successive petition for post-conviction relief and requested the appointment of counsel. In his petition, Oser alleged that his post-conviction counsel was ineffective in three respects: (1) failure to adequately address the issue of ineffective assistance of trial counsel on the basis of relevance, foundation, and admissibility of certain specific statements on a recording; (2) failure to raise the issue of trial counsel's failure to impeach the state's witnesses; and (3) failure to raise the issue of trial counsel's failure to call certain witnesses. Oser's petition also raised new claims, pursuant to I.C. § 19-4901(a)(4), that the affidavit of probable cause in support of the search warrant was missing or never existed, was intentionally withheld from the defense, or was obtained as a result of police misconduct. The state moved for summary dismissal of the successive petition. The district court subsequently denied Oser's request for appointment of counsel and granted the state's motion, finding Oser's petition untimely and the claims made in the petition could have been raised in his original petition for post-conviction relief. Oser appealed and we affirmed in an unpublished opinion, rejecting Oser's claim that his successive petition was timely under our decision in *Hernandez v. State*, 133 Idaho 794, 992 P.2d 789 (Ct. App. 1999). *See Oser v. State*, Docket No. 39001 (Ct. App. Sept. 5, 2012). Instead, we held that *Hernandez* did not apply because, as a result of Oser's voluntary withdrawal of his appeal, there was no appellate court order affirming dismissal. Moreover, we held that Oser had not asserted any reason for the almost one-year delay in filing following summary dismissal of his initial petition for post-conviction relief.

Oser filed his second successive petition for post-conviction relief approximately seven months later on April 8, 2013. More accurately, he refiled the same petition (other than the signature page) as was used in his first successive petition and attached affidavits from two State Appellate Public Defender's office (SAPD) attorneys. These affidavits purported to explain why Oser's first successive petition was, in fact, timely. Specifically, these affidavits allege that Oser was advised by the SAPD to withdraw his appeal of the summary dismissal of his initial petition for post-conviction relief because his claims of ineffective assistance of post-conviction counsel and newly found evidence could properly be brought only in a successive petition for post-conviction relief. Moreover, the SAPD advised him that he could file within a reasonable time of withdrawing his appeal. Oser made no argument as to why his second successive petition was

timely. The district court gave notice of its intent to dismiss Oser's second successive petition as being time-barred and gave Oser twenty days to amend his petition to avoid dismissal. The next day, the state filed a motion for summary dismissal. The district court appointed counsel to represent Oser on the limited issue of the timeliness of the second successive petition. After a hearing, the district court granted the state's motion for summary dismissal, finding that Oser's second successive petition was untimely. Oser appeals.

## II.

## ANALYSIS

Oser argues that the district court erred in determining that his second successive petition for post-conviction relief was not filed within a reasonable time. More specifically, Oser contends that the newly presented affidavits of the two SAPD attorneys raise a genuine issue of material fact as to whether the failure to file his first successive petition in a timely manner was the result of incorrect advice from one of those attorneys, thereby precluding summary dismissal and entitling him to an evidentiary hearing. However, Oser misunderstands the standard for consideration of a successive petition for post-conviction relief. Why the first successive petition was not timely filed is irrelevant to this appeal. The question on summary dismissal of a second successive petition is not whether there is a genuine issue of material fact as to why the first successive petition was untimely.[1] Instead, a second successive petition is subject to the same threshold requirements as a first successive petition. Thus, if an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908;

---

[1]    Indeed, a second successive petition for post-conviction relief is not a forum to appeal alleged errors of the district court or appellate court in disposing of prior petitions for post-conviction relief; that type of a challenge must be done in a direct appeal or petition for rehearing or review. *See* I.C. § 19-4909 (providing that the review of final judgments entered in post-conviction proceedings is through appeal to the Idaho Supreme Court); I.A.R. 2(a) (providing that the Idaho Appellate Rules "shall govern all appeals and petitions for special writs or proceedings in the Supreme Court"); I.A.R. 108 (providing for assignment of appellate cases to the Court of Appeals); I.A.R. 116 (providing procedure for a petition for rehearing before the Court of Appeals); I.A.R. 118 (providing procedure for a petition for review by the Supreme Court of a decision of the Court of Appeals). The issue of whether the first successive petition for post-conviction relief was timely was resolved on appeal, *see Oser v. State*, Docket No. 39001 (Ct. App. Sept. 5, 2012), and thus cannot be relitigated here.

*Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). However, the petition is subject to summary dismissal unless the petitioner can show such a sufficient reason for bringing a successive petition. *See Hooper v. State*, 127 Idaho 945, 948, 908 P.2d 1252, 1255 (Ct. App. 1995) (stating that, to avoid summary dismissal, a petitioner has the burden of providing the district court with factual reasons upon which it could conclude there was a sufficient reason for bringing the successive petition). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time "once those claims are known." *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. We determine what a reasonable time is for filing a successive petition on a case-by-case basis. *Id.*

Oser argues that the seven months which elapsed between the disposition of his failed appeal of the summary dismissal of his first successive petition and the filing of his second successive petition was reasonable because the second successive petition was filed within one year. Oser cites to *Hernandez* and *Charboneau* for support of this proposition. However, in *Hernandez* we did not establish a rule that successive petitions for post-conviction relief are per se timely if filed within one year of the determination of an appeal in the most recent prior post-conviction action. Instead, we determined only that, under the circumstances specific to *Hernandez*, one year was a reasonable time for filing a successive petition where the initial action was dismissed due to alleged ineffective assistance of post-conviction counsel. *Hernandez*, 133 Idaho at 799, 992 P.2d 794. As previously noted, we consider what a reasonable time is for filing a successive petition for post-conviction relief on a case-by-case basis. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. The timeframe at issue when determining a reasonable time begins "from the date of notice" that new claims potentially exist. *Id*. In *Charboneau*, the Court determined that a thirteen-month delay from discovery of potential claims was an unreasonable delay in the filing of a second successive petition for post-conviction relief. *Id*.

In Oser's appeal from the summary dismissal of his first successive petition for post-conviction relief, we concluded that his first successive petition, which was filed in May 2011, was untimely. *See Oser*, Docket No. 39001. This was because Oser knew, or should have known, about his post-conviction counsel's alleged ineffectiveness when the district court granted the state's motion for summary dismissal of Oser's ineffective assistance of trial counsel

4

claims on June 23, 2010, yet he provided no reason for the nearly one-year delay in filing these claims. *Id*. *See also Rhoades v. State*, 148 Idaho 247, 253, 220 P.3d 1066, 1072 (2009) (stating that ineffective assistance of counsel is presumed to be known when it occurs). Additionally, we determined that Oser knew, or should have known, about his newly raised claims regarding the affidavit of probable cause for the search warrant at least by the time Oser's judgment of conviction was affirmed on February 18, 2009. *Oser*, Docket No. 39001. Again, Oser provided no explanation for why these claims were not raised in his initial petition for post-conviction relief, which was filed on July 20, 2009. *Id.*

Here, we conclude that Oser's claims from his first successive petition filed in May 2011, which we previously determined to be untimely, are no less untimely when resubmitted in a virtually identical successive petition in April 2013.[2] Because Oser failed to file his second successive petition within a reasonable time after he knew, or should have known, about the claims contained therein, Oser has failed to provide a sufficient reason for bringing a successive petition under I.C. § 19-4908.[3]

### III.

### CONCLUSION

Oser's second successive petition for post-conviction relief, which raised the identical claims made in his first successive petition for post-conviction relief, was not filed within a reasonable time after discovering the claims contained in that petition. Accordingly, we affirm the district court's order summarily dismissing Oser's second successive petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**

---

[2] Moreover, even assuming that the timeliness of Oser's second successive petition should be determined from the resolution of his appeal from the dismissal of his first successive petition in September 2012, Oser fails to provide any explanation for the approximately seven month delay in filing this second successive petition. This delay is particularly unreasonable given that his second successive petition is a virtual verbatim copy of his first successive petition with exception of the title, signature pages, and attached affidavits.

[3] We note that Oser's claims of ineffective assistance of post-conviction counsel would fail under the Idaho Supreme Court's recent decision in *Murphy v. State*, ___ Idaho, ___, ___ P.3d ___ (2014), *pet. reh'g. pending*. Because that decision is not yet final, we do not rely upon it here.