IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39705

| | | |
|---|---|---|
| **DANA LYDELL SMITH,** | ) | **2013 Unpublished Opinion No. 493** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: May 14, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County.  Hon. Michael R. Crabtree, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Dana Lydell Smith, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dana Lydell Smith appeals from the district court's summary dismissal of his successive petition for post-conviction relief.  We affirm.

## I.

## FACTS AND PROCEDURES

Smith was convicted of grand theft, Idaho Code §§ 18-2403, 18-2407, for breaking into a car dealership and stealing two cars.  He appealed and in an unpublished decision, this Court affirmed his conviction.  *State v. Smith*, Docket Nos. 35216/35604 (Ct. App. May 20, 2009) (unpublished).  The remittitur was issued on June 17, 2009.  On July 7, 2008, while his direct appeal was still pending, Smith filed an application for post-conviction relief, asserting several claims of ineffective assistance of counsel.  The State filed a motion for summary dismissal, which the district court granted.  Smith appealed and in an unpublished decision, this Court

1

affirmed the district court's decision. *Smith v. State*, Docket No. 37819 (Ct. App. Nov. 14, 2011) (unpublished).

On February 18, 2011, Smith filed a successive petition for post-conviction relief, in which he also requested appointed counsel. The district court denied his request for appointed counsel, noting that Smith's successive petition was untimely and therefore, frivolous. Smith filed a motion to clarify. In its order denying the motion to clarify, the district court explained that Smith was unable to provide a sufficient reason for filing a successive petition. The district court then announced its intent to dismiss Smith's petition for post-conviction relief and subsequently entered an order and a judgment summarily dismissing the petition. Smith filed a motion to alter or amend judgment and a motion for appointed counsel. The district court denied both motions. Smith timely appeals.

## II.

## ANALYSIS

Smith raises the following claims on appeal: (1) that the district court erred in summarily dismissing his petition for post-conviction relief; (2) that the district court erred in denying his request for appointed counsel; (3) that the Idaho Supreme Court erred in allowing his appointed appellate counsel to withdraw; and (4) that the district court erred by not ordering a psychiatric evaluation, sua sponte, prior to the denial of appointment of counsel and the dismissal of his petition.

### A. Dismissal of Petition for Post-Conviction Relief

#### 1. Standard of review

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The

petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924

3

P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

### 2. Successive petition

Smith filed an initial petition for post-conviction relief within the one-year time frame permitted by statute. After the district court dismissed his initial petition, but prior to this Court's affirmance of the dismissal of the petition on appeal, Smith filed this successive petition for post-conviction relief. This successive petition was outside the one-year time frame. If an initial post-conviction action was timely filed, an inmate may file a subsequent application outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application. I.C. § 19-4908. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870,

4

874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide "sufficient reason" for permitting newly asserted allegations or allegations inadequately raised in the initial application to be raised in a subsequent post-conviction application. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Failing to provide a post-conviction applicant with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. *See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct. App. 1987). Thus, when a second or successive application alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

Analysis of "sufficient reason" permitting the filing of a successive application includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive application, we will simply consider it on a case-by-case basis. *Id.* Therefore, the question is whether the applicant in the present case filed the successive application alleging ineffective assistance of prior post-conviction counsel within a reasonable period of time.

In the instant case, Smith contends that he has sufficient reason to file his successive petition because: (1) his initial post-conviction counsel provided ineffective assistance; and (2) he has a mental illness and is taking psychotropic medications. As to Smith's first contention, "when a second or successive application is presented because the initial application was summarily dismissed due to the alleged ineffectiveness of the initial post-conviction counsel, use of the relation-back doctrine may be appropriate." *Schwartz*, 145 Idaho at 189, 177 P.3d at 403. To establish ineffective assistance of initial post-conviction counsel, Smith must show that his prior counsel's performance was deficient and that he was prejudiced by that

deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish deficiency, Smith is required to show that his counsel's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, Smith is required to show that but for his attorney's deficient performance, the outcome would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 443, 163 P.3d at 232.

We start by discussing how Smith raised the claim of ineffective assistance of previous post-conviction counsel. Smith's successive petition did not allege that his previous post-conviction counsel was ineffective. His successive petition did not allege that his previous post-conviction counsel made mistakes that entitled him to again present his original claims. Neither did the petition allege that he had meritorious claims that were not raised in his initial post-conviction petition because of alleged ineffective assistance of his previous counsel. Instead, the successive petition contained several claims of error regarding the proceedings in his underlying criminal case and its direct appeal.[1] After the district court denied Smith the appointment of counsel, Smith filed a motion to clarify and a memorandum in support of his motion to clarify. In the memorandum, Smith alleged, for the first time, that his previous post-conviction counsel provided ineffective assistance. Smith claimed that his previous post-conviction counsel was deficient for: (1) failing to call witnesses during his previous post-conviction case;[2] (2) failing to be "aware of Idaho Rules of Civil Procedure Rule 8;"[3] (3) failing to meet with him; and (4) repeatedly hanging up the phone on him. The district court considered Smith's allegations, but nonetheless denied his motion to clarify, finding that Smith failed to demonstrate that his previous post-conviction petition was summarily dismissed due to his counsel's ineffective

---

[1]    The district court found that Smith's successive petition included fourteen claims regarding his underlying criminal case, including claims of ineffective assistance of trial counsel, denial of his rights during the criminal trial, prosecutorial misconduct, and police misconduct. The district court also found that the successive petition included two claims regarding his direct appeal: (1) ineffective assistance of appellate counsel; and (2) that his conviction was upheld despite constitutional error.

[2]    Smith's previous post-conviction petition was summarily dismissed prior to an evidentiary hearing.

[3]    Idaho Rule of Civil Procedure 8 consists of the general rules of pleading.

assistance and that he failed to demonstrate that his psychotropic medication prevented him from raising his claims earlier. Thereafter, the district court summarily dismissed Smith's successive petition, finding no sufficient reason to allow the untimely filing of a successive petition.

We conclude that the district court properly dismissed Smith's successive petition. Smith's claim of ineffective assistance of post-conviction counsel does not provide sufficient reason for his successive petition. Smith's briefs on appeal do not allege, with any particularity, how his previous post-conviction counsel provided ineffective assistance. Further, Smith's claim of ineffective assistance of post-conviction counsel alleged in his memorandum fails to demonstrate that his prior counsel's alleged ineffective assistance prevented him from raising his claims during the direct appeal of his criminal case or his initial post-conviction petition. Instead, Smith only makes bare and conclusory allegations concerning the ineffective assistance of post-conviction counsel. Smith does not point to any evidence in the record substantiating his allegations that his post-conviction counsel was deficient. "Bare or conclusory allegations, unsubstantiated by any fact, are inadequate to entitle an applicant to an evidentiary hearing." *Nguyen v. State*, 126 Idaho 494, 497, 887 P.2d 39, 42 (Ct. App. 1994). As a result, we agree that Smith's allegations of ineffective assistance of post-conviction counsel do not constitute sufficient reason for allowing his successive petition for post-conviction relief.

Smith also asserts that he has sufficient reason for filing a successive petition as a result of his mental illness and psychotropic medication. A petitioner may show sufficient reason to file a successive post-conviction action when "mental disease and/or psychotropic medication rendered the applicant incompetent and prevented him from pursuing earlier challenges to the conviction." *Judd v. State*, 148 Idaho 22, 25-26, 218 P.3d 1, 4-5 (Ct. App. 2009). Smith argues that he has been on medication since 1989, that he spent a "few years" in a psychiatric unit after a suicide attempt in 1992, and that he was placed on "various types of medication for schizophrenia and manic bipolar activity." He also claims that he was "having a major psychotic breakdown" at the time he allegedly committed the underlying crimes. However, Smith does not argue that his mental condition or his psychotropic medication prevented him from raising his claims during his direct appeal or his initial post-conviction petition. There is nothing in the record that shows that Smith was unable to inform his prior counsel of the claims he wanted to address. Contrarily, the record indicates that Smith filed his initial petition for post-conviction relief pro se, demonstrating his ability and mental acuity to understand his claims and raise them.

7

Accordingly, Smith's successive petition is not entitled to equitable tolling. *See Leer v. State*, 148 Idaho 112, 218 P.3d 1173 (Ct. App. 2009) (holding that equitable tolling did not apply on the basis of mental incapacity when the defendant demonstrated his mental acuity by timely filing a pro se motion for appointment of post-conviction counsel). Therefore, Smith has failed to demonstrate sufficient reason for allowing his successive petition for post-conviction relief.[4]

**B.     Appointment of Counsel**

Smith contends that: (1) the district court erred by denying his request for appointed counsel; and (2) the Idaho Supreme Court erred by allowing his appellate counsel to withdraw. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint

---

[4]     Smith also contends that he is entitled to equitable tolling because the Idaho Department of Correction failed to provide him with "constitutionally required research tools," such as the Idaho Reports, United States Reports, Federal Practice, Shepard Citation, American Jurisprudence, and other legal resources. Smith has not demonstrated a denial of access to the courts.

counsel in order to give petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

### 1. Post-conviction counsel

Smith contends that the district court's order denying his request for appointed counsel violated his right to due process by denying him access to the courts. Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

In the instant case, Smith requested appointed counsel in his successive petition for post-conviction relief. The district court denied Smith's request, finding that his petition was frivolous because it was time-barred and he failed to provide a sufficient reason for filing a successive petition. Further, in the order denying Smith's motion to clarify, the district court considered Smith's allegations regarding his prior counsel, his psychotropic medications, and his mental abilities and found that Smith was not prevented from raising his challenges to his conviction at an earlier time. On appeal, Smith contends that his due process rights were violated when the district court denied his request for appointed counsel. Smith alleges that the district court abused its discretion by denying his request because the court failed to take into consideration: (1) the factual and legal complexity of his case; (2) his inability to investigate; (3) conflicting testimony; (4) the ability of an indigent to present his claim; and (5) the merits of the case. Smith further claims that the prison lacked required legal resources; therefore, without appointed counsel, his right to access the courts was violated. As discussed above, Smith has failed to demonstrate sufficient reason for filing a successive petition. Accordingly, the district court properly exercised its discretion in denying Smith's request for appointed counsel.

### 2. Appellate counsel

After the district court summarily dismissed Smith's successive petition, Smith filed a notice of appeal and a motion for appointment of appellate counsel. Appellate counsel was appointed to Smith. Thereafter, Smith's appellate counsel filed a motion to withdraw as counsel of record and to allow appellant to proceed pro se. In an accompanying affidavit, appellate counsel stated that after reviewing the record, she could not represent Smith and comply with Idaho Appellate Rule 11.2. The Idaho Supreme Court granted the motion. On appeal, Smith

contends that the Idaho Supreme Court's decision to grant appellate counsel's motion to withdraw was violative of his right to due process. In regard to reviewing a decision of the Idaho Supreme Court, this Court has previously stated, in *State v. Morgan*, 153 Idaho 618, 288 P.3d 835 (Ct. App. 2012):

> We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court.

*Id.* at 620, 288 P.3d at 837. Smith has failed to provide any basis for this Court to reconsider the Idaho Supreme Court's order granting appellate counsel's motion to withdraw.

## C.     Competency Evaluation

Smith contends that the district court erred by failing to hold a competency hearing or to order a psychiatric evaluation prior to denying his request for appointed counsel.[5] Smith never requested the district court to order a psychiatric evaluation or to hold a competency hearing. Therefore, he contends that the district court erred by not raising these issues sua sponte. Pursuant to I.C. §§ 18-210, 18-211, in a *criminal proceeding*, a district court shall order a competency evaluation if there is reasonable doubt as to the defendant's fitness to proceed. *Id.* As discussed above, a petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *Yakovac*, 145 Idaho at 443, 180 P.3d at 482. *See also Pizzuto*, 146 Idaho at 724, 202 P.3d at 646. The Rules of Civil Procedure do not have a corresponding rule requiring the district court to order a competency evaluation if the petitioner's fitness is in doubt. Even if such a rule existed, the district court in the instant case did not find any basis for concluding that Smith was not fit to proceed. Smith's previously filed pro se petition for post-conviction relief and the many other motions and documents he filed demonstrate that he was mentally able to proceed. Therefore, we conclude that the district court did not err by failing to order, sua sponte, a competency evaluation or a psychiatric evaluation.

---

[5]     To the extent that Smith is arguing that the trial court should have ordered a competency evaluation to determine his mental fitness to stand trial, we decline to address the issue as Smith should have raised it on the direct appeal of his criminal conviction or in his initial post-conviction petition.

**III.**

**CONCLUSION**

Smith has failed to demonstrate reversible error. Therefore, the district court's order summarily dismissing Smith's successive petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**